# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THE TRUMP ORGANIZATION LLC and DTTM OPERATIONS LLC,

  *Plaintiffs,*

 v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

  *Defendants.*

Case No. 8:25-cv-01962

_____/

## PLAINTIFFS' MOTION TO SEAL UNDER LOCAL RULE 1.11(C)

Plaintiffs, The Trump Organization LLC ("Trump Organization") and DTTM Operations LLC ("DTTM") (together, "Plaintiffs"), by and through their undersigned counsel and under Middle District of Florida Local Rule 1.11(c), respectfully move for an order allowing Plaintiffs to file under seal (1) Schedule A to Plaintiffs' Complaint, attached hereto under seal as Exhibit 1, which identifies the Defendants to the above-styled action and (2) Exhibit 2 to Plaintiffs' forthcoming Declaration in Support of Plaintiffs' *Ex Parte* Motion for

Temporary Restraining Order, attached hereto under seal as Exhibit 2, which contains copies of exemplary screenshots from the Defendants' online storefronts reflecting their marketing and ability to solicit from and ship products infringing Plaintiffs' trademarks to the Middle District of Florida along with proof of orders actually placed and accepted by many Defendants to the Middle District of Florida. In support, Plaintiffs respectfully refer the Court to the following Memorandum of Law.

## MEMORANDUM OF LAW

Good cause exists for the requested order. Plaintiffs have learned that Defendants are engaging in the promotion, advertisement, distribution, offering for sale, and sale of goods within this District that infringe Plaintiffs' trademarks without authorization through various internet-based, e-commerce stores. *See* Complaint, ¶¶ 1, 3, 10, 13, 28. Unlike traditional brick-and-mortar defendants, online infringers are not tethered to physical assets subject to the Court's jurisdiction. Their business model is intentionally fluid and designed to evade enforcement. *See id.*, ¶¶ 7, 29–31, 35–37. As a result, Defendants' infringing activities are causing irreparable injury to Plaintiffs and causing an overall degradation of the reputation, value, and goodwill associated with Plaintiffs' intellectual property. *See id.*, ¶¶ 42, 50, 55, 58, 63. Accordingly, it is necessary for Plaintiffs to seek *ex parte* relief in this action.

Temporarily sealing these portions of the file, rather than simply using redactions or pseudonyms, is necessary to prevent the Defendants from learning of these proceedings before the execution of a temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. *See, e.g., Dell Inc. v. BelgiumDomains, LLC*, Case No. 07-22674, 2007 U.S. Dist. LEXIS 98676, at *19 (S.D. Fla. Nov. 21, 2007) (granting motion to seal where the defendants—who operate their counterfeiting business electronically—"will likely destroy evidence or move it out of the jurisdiction" if provided with advance notice of the plaintiff's filings); Paperless Order granting Motion to Seal, *Zuru Inc. v. The Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule A.*, Case No. 1:25-cv-21867 (S.D. Fla. Apr. 23, 2025), ECF No. 14 (granting motion to seal where the defendants—who engaged in online counterfeiting—were likely to hide or move their assets beyond the jurisdiction of the Court, which would thwart the Court's ability to grant meaningful relief); Paperless Order granting Motion to Seal, *Eyelink Inc. v. The Individuals, P'ships and Unincorporated Ass'ns Identified on Schedule A*, Case No. 1:25-cv-21838 (S.D. Fla. Apr. 22, 2025), ECF No. 8 (same); Paperless Endorsed Order, *Luo v. P'ships and Unincorporated*

3

*Ass'ns Identified on Schedule A*, Case No. 8:24-cv-00615 (M.D. Fla. Mar 11, 2024), ECF No. 9 (granting motion to seal where plaintiff argued that defendants would receive notice their assets are at risk and be incentivized to move them beyond this Court's jurisdiction before being restrained).

Because Defendants engage in illegal trademark counterfeiting and infringement, Plaintiffs have no reason to believe Defendants will make their assets available for or will adhere to the authority of this Court any more than they have adhered to federal trademark laws. Once a temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiffs will promptly move to unseal.

Plaintiffs thus respectfully request that Schedule A to Plaintiffs' Complaint and Exhibit 2 to Plaintiffs' forthcoming Declaration in Support of Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order remain under seal until the Court has the opportunity to rule on Plaintiffs' request for temporary *ex parte* relief and, if granted, the relief ordered therein has been effectuated. At that time, all pleadings and orders will be made available to Defendants. Plaintiffs are prepared, if granted leave, to file a proposed order granting the foregoing Motion.

4

## Local Rule 3.01(g) Certification

Plaintiffs' counsel has not conferred with counsel for Defendants regarding this Motion because Defendants have not yet been served and are unavailable for service as Plaintiffs must first obtain the necessary contact information for Defendants.[1]

Dated: July 29, 2025

Katie Kavanaugh
(*pro hac vice* pending)
**BOIES SCHILLER FLEXNER LLP**
2029 Century Park East,
Suite 1520
Los Angeles, CA 90067
Telephone: (213) 629-9040
kkavanaugh@bsfllp.com

Respectfully submitted,

By: */s/ Jason Hilborn*
Jason Hilborn (FBN 1008829)
**BOIES SCHILLER FLEXNER LLP**
401 East Las Olas Blvd,
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
jhilborn@bsfllp.com

*Attorneys for Plaintiffs*

---

[1] Plaintiffs intend to file an *ex parte* Motion for Order Authorizing Alternate Service of Process to serve Defendants via email and website posting and an *ex parte* Motion for Temporary Restraining Order to obtain, among other relief, the emails needed to serve Defendants from the online marketplaces on which Defendants operate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of July, 2025, a true and correct copy of the foregoing, including exhibits, was filed with the Court's CM/ECF system.

By: */s/ Jason Hilborn*
Jason Hilborn (FBN 1008829)
**BOIES SCHILLER FLEXNER LLP**
401 East Las Olas Blvd,
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
jhilborn@bsfllp.com
