UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE TRUMP ORGANIZATION
LLC and DTTM OPERATIONS
LLC,

     Plaintiffs,
v.                                           Case No.: 8:25-cv-1962-TPB-AAS

THE INDIVIDUALS,
CORPORATIONS,
LIMITED LIABILITY
COMPANIES,
PARTNERSHIPS, and
UNINCORPORATED
ASSOCIATIONS
IDENTIFIED ON
SCHEDULE A,

     Defendants.
_____/

## *EX PARTE* ORDER

Plaintiffs The Trump Organization LLC, and DTTM Operations LLC move *ex parte* for an order allowing service of process on the defendants by electronic means, including via email and website posting, under Fed. R. Civ. P. 4(f)(3). (Doc. 13).

According to the plaintiffs, the defendants in this case operate internet storefronts using false names and inaccurate or unreliable contact information. (Doc. 13, p. 3). The plaintiffs filed an ex parte motion for a temporary

1

restraining order, which this court granted on August 1, 2025. (Docs. 14, 17). The plaintiffs request the court allow them to post copies of the complaint, the motion for alternative service, the order granting the temporary restraining order, and other relevant documents filed in this case on a website created by the plaintiffs. (Doc. 13, p. 3). The plaintiffs will also provide notice to the defendants directly via email where possible. (*Id.*).

Federal Rule of Civil Procedure 4(f)(3) allows a district court to order an alternative method of service to be effectuated upon defendants if it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. Fed. R. Civ. P. 4(f)(3); *see Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 972 (11th Cir. 2003) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements."); *see also Ligeri v. Arizona Daily Indep., LLC*, No. 8:23-CV-1318-CEH-AEP, 2024 WL 98208, at 3 (M.D. Fla. Jan. 9, 2024) ("Specifically, service by e-mail has been held as a permissible means of alternative service of process.") (*citing Meza v. JC & Son's Constr. LLC*, No. 6:23-CV-242-WWB-LHP, 2023 WL 4904724, at 2 (M.D. Fla. Aug. 1, 2023); *U.S. Commodity Futures Trading Com'n v. Aliaga*, 272 F.R.D. 617, 621 (S.D. Fla. 2011) (granting leave under Rule 4(f)(3) to serve summons, complaint, and

subsequent pleadings on defendant via email).

Accordingly, the plaintiffs' *ex parte* motion for alternate service (Doc. 13) is **GRANTED**. The plaintiffs may serve the defendants by posting on a designated website and via email, attaching a copy of the order granting a Temporary Restraining Order (Doc. 17), the complaint (Doc. 1), and this order granting alternate service.

**ORDERED** in Tampa, Florida, on August 4, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge