UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE TRUMP ORGANIZATION LLC and DTTM OPERATIONS LLC,

    *Plaintiffs*,

    v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

    *Defendants*.

_____/

**Case No. 8:25-cv-1962-TPB-AAS**

## PLAINTIFFS' MOTION TO EXTEND TEMPORARY RESTRAINING ORDER

Plaintiffs, The Trump Organization LLC ("Trump Organization") and DTTM Operations LLC ("DTTM") (together, "Plaintiffs"), under Rule 65 of the Federal Rules of Civil Procedure, move for an order extending the Court's *Ex Parte* Order Granting Plaintiffs' "*Ex Parte* Motion for Temporary Restraining Order" ("TRO") (Doc. 17), entered on August 1, 2025, by 14 days. In support, Plaintiffs respectfully refer the Court to the following Memorandum of Law.

**MEMORANDUM OF LAW**

I. **BACKGROUND**

On August 1, 2025, this Court entered the TRO against the Defendants identified on Schedule A to Plaintiffs' Complaint. Under the TRO, any third-party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms providing services for any of the Defendants (together, the "Third Party Providers") that receive notice of the TRO are instructed to restrain Defendants' financial accounts and provide expedited discovery on Defendants—including Defendants' contact information and information about sales of any products infringing Plaintiffs' registered trademarks. *See* TRO, pp. 8–9, ¶ 7. Plaintiffs rely on this expedited discovery and the account restraints to properly serve Defendants by email and website publication—under the Court's August 4, 2025, *Ex Parte* Order authorizing alternative service of process on Defendants (Doc. 20)—and to preserve Plaintiffs' ability to obtain meaningful relief. *See id.*, pp. 4, 10.

Since receiving the TRO, counsel for Plaintiffs has provided, or caused to be provided, copies of the TRO to counsel and/or representatives for the Third Party Providers (i.e., AliExpress, Amazon, DHgate, eBay, Walmart, AllPay, LianLian, OFX, PayEco, Payoneer, PayPal, PingPong, SellersFunding, Stripe, and UMPay). Declaration of Jason Hilborn ("Hilborn Decl."), ¶ 3, attached here as Exhibit 1. To date, Plaintiffs have only received discovery from

AliExpress, Amazon, DHgate, eBay, Walmart, OFX, and PayPal. Plaintiffs have not yet received discovery from the remaining Third Party Providers. Hilborn Decl., ¶ 4.

## II.  RELIEF REQUESTED

Plaintiffs seek the entry of an order extending the TRO for 14 days to expire on August 28, 2025, to allow more time for the Third Party Providers to effectuate the TRO and for Plaintiffs to later provide Defendants notice of these proceedings.

## III.  BASIS FOR RELIEF

As explained in the TRO, if Defendants are notified of these proceedings before having their respective accounts restrained, "Defendants can easily and quickly change the ownership or modify domain registration, e-commerce store, and private messaging account data and content, change payment accounts, redirect consumer traffic to other seller identification names, private messaging accounts, and domain names, and transfer assets and ownership of the seller identification names and domain names, thereby thwarting Plaintiffs' ability to obtain meaningful relief." TRO, p. 4. Therefore, before Plaintiffs can complete service of the TRO, and all other pleadings in this case, on Defendants, Plaintiffs must first receive confirmation from the Third Party Providers that the financial accounts owned by Defendants have been restrained. This includes providing notice of the Court's presently scheduled

August 20, 2025 Case Management Conference ("CMC"), Plaintiffs' forthcoming Motion for Preliminary Injunction ("Motion for PI"), and any hearing to be scheduled in response to the Motion for PI.

Under Rule 65(b)(2) of the Federal Rules of Civil Procedure, this Court may issue a temporary restraining order for a period of 14 days, and "for good cause shown," may extend a temporary restraining order for a "like period" of time. Fed. R. Civ. P. 65(b)(2). Here, good cause exists for an extension of the TRO because Plaintiffs will not be able to restrain all the Defendants' accounts before the expiration of the TRO. And an extension of the TRO is warranted so that Plaintiffs have ample time to serve Defendants using the contact information received in discovery and so that Defendants have time to file any opposition to the forthcoming Motion for PI or otherwise prepare for the upcoming CMC.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the TRO be extended from August 14, 2025, to August 28, 2025.

### Local Rule 3.01(g) Certification

Plaintiffs' counsel has not conferred with counsel for Defendants regarding this Motion as Defendants have not yet been served as Plaintiffs are awaiting confirmation from several of the aforementioned Third Party Providers that Plaintiffs' granted temporary injunctive relief is effectuated.

Dated: August 8, 2025

Katie Kavanaugh
(*pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
2029 Century Park East, 1520
Los Angeles, CA 90067
Telephone: (213) 629-9040
kkavanaugh@bsfllp.com

Respectfully submitted,

By: */s/ Jason Hilborn*
Jason Hilborn (FBN 1008829)
**BOIES SCHILLER FLEXNER LLP**
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
jhilborn@bsfllp.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of August, 2025, a true and correct copy of the foregoing, including the declaration, was filed with the Court's CM/ECF system.

By: */s/ Jason Hilborn*
Jason Hilborn (FBN 1008829)
**BOIES SCHILLER FLEXNER LLP**
401 East Las Olas Blvd,
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
jhilborn@bsfllp.com