# EXHIBIT 6

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

THE TRUMP ORGANIZATION
LLC and DTTM OPERATIONS
LLC,

    Plaintiffs,

v.                                                     Case No. 8:25-cv-01962-TPB-AAS

THE INDIVIDUALS,
CORPORATIONS,
LIMITED LIABILITY
COMPANIES,
PARTNERSHIPS, and
UNINCORPORATED
ASSOCIATIONS
IDENTIFIED ON
SCHEDULE A,

    Defendants.

_____/

**ORDER GRANTING PLAINTIFFS' "*EX PARTE*
MOTION FOR TEMPORARY RESTRAINING ORDER"**

This matter is before the Court upon Plaintiffs' "*Ex Parte* Motion for Temporary Restraining Order," filed on July 31, 2025. (Doc. 14). Plaintiffs The Trump Organization LLC and DTTM Operations LLC move *ex parte* for entry of a temporary restraining order against Defendants the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified on Schedule A to the Plaintiffs' Complaint, and an entry of an order restraining the financial accounts used by Defendants, pursuant to 15 U.S.C. § 1116, Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a). After reviewing the motion, court file, and the

record, the Court finds as follows:

## Background

The Trump Organization is responsible for the enforcement of the federally registered trademarks owned by DTTM, which were duly and legally issued by the United States Patent and Trademark Office, including but not limited to the following:

| U.S. TM Reg. No. | Trademark | Registration Date | Relevant Class |
|---|---|---|---|
| 4,276,258 | TRUMP | January 15, 2013 | IC 016. US 002, 005, 022, 023, 029, 037, 038, 050. G&S: Desk accessories, namely, desk pads, paper weights, business card holders<br><br>IC 021. US 002, 013, 023, 029, 030, 033, 040, 050. G&S: glasses, cups, bowls, decanters; beverage glassware |
| 4,332,755 | TRUMP | May 7, 2013 | IC 016. US 022, 039. US 002, 005, 022, 023, 029, 037, 038, 050. G&S: greeting cards, posters and stationery paper |
| 7,758,981 | TRUMP | April 15, 2025 | IC 025. US 022, 039. G&S: Sneakers. |
| 5,080,397 | TRUMP | November 15, 2016 | IC 016. US 002, 005, 022, 023, 029, 037, 038, 050. G&S: Bumper stickers; decorative decals for vehicle windows; stickers; advertising signs of papers; advertising signs of cardboard; placards and banners of paper or cardboard; posters; pens.<br><br>IC 025. US 022, 039. G&S: |

| U.S. TM Reg. No. | Trademark | Registration Date | Relevant Class |
|---|---|---|---|
| | | | Clothing, namely, hats, sweatshirts, T-shirts, tank tops, headwear, long sleeve shirts; baby clothing, namely, one piece garments; children's clothing, namely, t-shirts. IC 026. US 037, 039, 040, 050. G&S: Campaign buttons. |

Plaintiffs allege that Defendants, through the various internet based e-commerce stores operating under the seller identities identified on Schedule A, have advertised, promoted, offered for sale, and/or sold goods bearing and/or using what Plaintiffs have determined to be counterfeits, infringements, reproductions, or colorable imitations of the TRUMP Trademarks. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the TRUMP Trademarks. Plaintiffs filed this suit seeking damages and injunctive relief, and they subsequently filed an *ex parte* motion for a temporary restraining order.

## **Legal Standard**

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b). Under Rule 65(b)(1), a federal court may only issue a temporary restraining order without first giving notice to the enjoined parties if the movant provides:

(A) specific facts in an affidavit or a verified complaint clearly show[ing] that

> immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). If the movant establishes that it is justified in seeking *ex parte* relief, it next bears the burden to establish that injunctive relief is appropriate by showing: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005)

## Analysis

The Court finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiffs have presented specific facts in the verified complaint and attached exhibits showing that immediate and irreparable injury, loss, or damage will result to the Plaintiffs before the adverse parties can be heard in opposition. In the absence of an *ex parte* order, Defendants will likely continue infringing on Plaintiffs' trademarks. If notice is provided, Defendants can easily and quickly change the ownership or modify domain registration, e-commerce store, and private messaging account data and content, change payment accounts, redirect consumer traffic to other seller identification names, private messaging accounts, and domain names, and transfer assets and ownership of the seller identification names and domain names, thereby thwarting Plaintiffs' ability to obtain meaningful relief. *See also Yizhou v. Individuals,*

*Partnerships, & Unincorporated Associat[ions] Identified on Schedule "A,"* 23558-Civ-Scola, 2022 WL 17551254, at *3 (S.D. Fla. Dec. 9, 2022); *CreeLED, Inc. v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 8:22-cv-2739-MSS-TGW, slip op. at 8 (M.D Fla. Dec. 2, 2022); *Ain Jeem, Inc. v. The Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A,"* No. 8:21-cv-1082-KKM-CPT, slip op. at 6 (M.D. Fla. May 21, 2021). Accordingly, *ex parte* relief without notice is warranted in this case.

Plaintiffs have also demonstrated the requirements for preliminary injunctive relief. Plaintiffs have shown a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of the TRUMP Trademarks, and that the products Defendants are selling and promoting for sale are copies of Plaintiffs' respective products that bear and/or use copies of the TRUMP Trademarks.

Plaintiffs have demonstrated immediate and irreparable harm will occur unless Defendants are enjoined. There is good cause to believe that more counterfeit products bearing and/or using the TRUMP Trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiffs may suffer loss of sales for their genuine products.

Any potential harm to Defendants from restraining their use of infringing marks is outweighed by the potential harm to Plaintiffs if relief is not issued. The public interest is also served by preliminary relief to protect Plaintiffs, protect the

public from being defrauded by Defendants' infringing and misleading conduct, and prevent Defendants from profiting from violations of federal law. *See TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1290, 1302 (S.D. Fla. 2016) (holding the public interest is advanced by enforcing compliance with the laws of the United States and the State of Florida); *Yizhou*, 2022 WL 17551254, at *3 ("The public interest favors issuance of the preliminary injunction to protect the Plaintiff's copyright interests, to encourage respect for the law, and to protect the public from being defrauded by the illegal sale of infringing goods"). Consequently, Plaintiffs' motion for a temporary restraining order is granted.

Given the number of potentially affected parties, and based on a review of other decisions granting similar relief, the Court believes Plaintiffs should be required to post a bond of $10,000 as security. *See* Fed. R. Civ. P. 65(c); *see, e.g., CreeLED*, slip op. at 13.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiffs' "*Ex Parte* Motion for Temporary Restraining Order" (Doc. 14) is **GRANTED**, as set forth herein.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby temporarily restrained as follows:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using the TRUMP Trademarks, or any confusingly similar trademarks, other than those

actually manufactured or distributed by Plaintiffs; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of (i) any products not manufactured or distributed by Plaintiffs, bearing the TRUMP Trademarks, or bearing any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the TRUMP Trademarks or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

    c. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (b).

  (3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the TRUMP Trademarks or any confusingly similar trademarks on or in connection with all internet based e-commerce stores and internet websites owned and operated, or controlled by them, including the internet based e-commerce stores and internet websites operating under the Defendant Internet Stores.

  (4) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the TRUMP

Trademarks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any webpage), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to internet-based e-commerce stores and internet websites registered, owned, or operated by each Defendant, including the internet based e-commerce stores and internet websites operating under the Defendant Internet Stores.

(5)     Each Defendant shall not transfer ownership of the internet based e-commerce stores and internet websites operating under their Defendant Internet Stores during the pendency of this action, or until further order of the Court.

(6)     Each Defendant shall preserve copies of all computer files relating to the use of any of the internet based e-commerce stores and internet websites operating under their Defendant Internet Stores and shall take all steps necessary to retrieve computer files relating to the use of the internet based e-commerce stores and internet websites operating under their Defendant Internet Stores that may have been deleted before the entry of this Order.

(7)     Within five (5) days of receipt of notice of this Order, Defendants and any third-party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms that are providing services for any of the Defendants, including but not limited to AliExpress, Amazon, DHgate, eBay, PayPal, Payoneer, and Walmart, and their related companies and affiliates (together, the "Third Party Providers"), shall:

a. Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of funds and disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained.

b. Provide Plaintiffs expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the internet based e-commerce stores operating under the Defendant Internet Stores identified on Schedule A, as well as any other accounts of the same customer(s); (ii) the identity and location of the Defendants identified in Schedule A, including all known contact information including any and all known aliases and associated email addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related; and (iv) information concerning sales of any Counterfeit Products made by Defendants.

(8) Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(9) This Order shall apply to the Defendant Internet Stores, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, private messaging accounts, domain names and websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting the TRUMP

Trademarks at issue in this action and/or unfairly competing with Plaintiffs.

(10) Plaintiffs may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the complaint, this Order, and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified on Schedule A to the complaint and any email addresses provided for Defendants by third parties that includes a link to said website. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

(11) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), within seven calendar days of this Order, Plaintiffs shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

(12) Any Defendant or other person that is subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the

Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida.

(13) After Plaintiffs' counsel has received confirmation from the Third Party Providers regarding the funds restrained as directed herein and expedited discovery from the same, Plaintiffs shall serve a copy of the complaint, Schedule A, summons, motion for a temporary restraining order, and this Order, on each Defendant via their corresponding email address and/or online contact form or other means of electronic contact provided on the e-commerce stores and websites operating under the respective Defendant Internet Stores, or by providing a copy of this Order by email to the marketplace platform or image-hosting website for each of the Defendant Internet Stores so that they, in turn, notify each Defendant of the Order, or by other means reasonably calculated to give notice that is permitted by the Court. In addition, Plaintiffs shall post copies of the complaint, Schedule A, summons, motion for a temporary restraining order, and this Order, as well as all other relevant documents filed in this action on the Plaintiffs' Notice Website and shall provide the address to the website to Defendants via email/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiffs shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants regularly updating the Plaintiffs' Notice Website or by other means reasonably calculated to give notice which is permitted by the Court.

(14) This Order shall remain in effect for two (2) weeks from the date of entry of this Order and expires on August 14, 2025, or until such further dates as set by the Court or stipulated to by the parties.

(15) The Clerk shall file this Order under seal until further order of the Court.

(16) The Clerk shall email a copy of this Order to Plaintiffs' counsel at jhilborn@bsfllp.com and kkavanaugh@bsfllp.com.

(17) This case will be set for an in-person case management conference on August 20, 2025, to discuss the status of this case.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, this 1st day of August, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE