# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THE TRUMP ORGANIZATION
LLC and DTTM OPERATIONS
LLC,

     *Plaintiffs,*

     v.

THE INDIVIDUALS,
CORPORATIONS,
LIMITED LIABILITY
COMPANIES,
PARTNERSHIPS, and
UNINCORPORATED
ASSOCIATIONS
IDENTIFIED ON
SCHEDULE A,

     *Defendants.*

**Case No. 8:25-cv-1962-TPB-AAS**

_____/

## PLAINTIFFS' SECOND MOTION TO EXTEND TEMPORARY RESTRAINING ORDER

Plaintiffs, The Trump Organization LLC and DTTM Operations LLC, respectfully move under Rule 65 of the Federal Rules of Civil Procedure for an order extending the Court's *Ex Parte* Order Granting Plaintiffs' "*Ex Parte* Motion for Temporary Restraining Order" ("TRO") (Doc. 17)—entered on August 1, 2025, and extended on August 11, 2025 ("TRO Extension") (Doc. 27)—by 28 days, or until a hearing can be held on Plaintiffs' Motion for Preliminary Injunction ("Motion for PI") and a ruling can be issued in response.

In support, Plaintiffs respectfully refer the Court to the following Memorandum of Law.

**MEMORANDUM OF LAW**

## I.    BACKGROUND

On August 1, 2025, this Court entered the TRO against the Defendants identified on Schedule A to Plaintiffs' Complaint.  On August 11, 2025, this Court entered the TRO Extension, extending the TRO from August 14, 2025, to August 28, 2025.

Under the TRO, any third-party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms providing services for any of the Defendants (together, the "Third Party Providers") that receive notice of the TRO must restrain Defendants' financial accounts and provide expedited discovery on Defendants—including Defendants' contact information and information about sales of any products infringing Plaintiffs' registered trademarks. *See* TRO, pp. 8–9, ¶ 7.  Plaintiffs rely on this expedited discovery and the account restraints both to properly serve Defendants by email and website publication—under the Court's August 4, 2025, *Ex Parte* Order authorizing alternative service of process on Defendants ("Alternate Service Order") (Doc. 20)—and to preserve Plaintiffs' ability to obtain meaningful relief. *See id.*, pp. 4, 10.

Since receiving the TRO, counsel for Plaintiffs has provided, or caused to

2

be provided, copies of the TRO to counsel and/or representatives for the Third Party Providers (i.e., AliExpress, Amazon, DHgate, eBay, Walmart, AllPay, LianLian, OFX, PayEco, Payoneer, PayPal, PingPong, SellersFunding, Stripe, and UMPay). Declaration of Jason Hilborn ("Hilborn Decl."), ¶ 3, attached here as Exhibit 1. To date, Plaintiffs have received sufficient discovery from the Third Party Providers to serve Defendants with notice of this action under the methods of service authorized by the Alternate Service Order. Hilborn Decl., ¶ 4; *see also* Proof of Service (Doc. 30). Plaintiffs have also received confirmation from the responding Third Party Providers that the Defendants' respective online accounts have been frozen under the TRO. Hilborn Decl., ¶ 5. Accordingly, Plaintiffs filed their Motion for PI on August 22, 2025 (Doc. 36).

## II.    RELIEF REQUESTED

By this Motion, Plaintiffs seek the entry of an order extending the TRO for 28 days to expire on September 25, 2025, or until such time as a hearing can be held on Plaintiffs' Motion for Motion for PI and a ruling can be issued in response.

## III.   BASIS FOR RELIEF

As explained in the TRO, "in the absence of an *ex parte* order, Defendants will likely continue infringing on Plaintiffs' trademarks" as Defendants "can easily and quickly change the ownership or modify domain registration, e-

commerce store, and private messaging account data and content, change payment accounts, redirect consumer traffic to other seller identification names, private messaging accounts, and domain names, and transfer assets and ownership of the seller identification names and domain names, thereby thwarting Plaintiffs' ability to obtain meaningful relief." TRO, p. 4. Therefore, an extension of the TRO is warranted to preserve the status quo pending the resolution of Plaintiffs' Motion for PI—including any hearing the Court may schedule in response and ruling the Court may issue after.

Under Rule 65(b)(2) of the Federal Rules of Civil Procedure, this Court may issue a temporary restraining order for a period of 14 days, and "for good cause shown," may extend a temporary restraining order for a "like period" of time. Fed. R. Civ. P. 65(b)(2); *see also Bracciale v. Nat'l Sourcing, Inc.*, 2017 WL 3769284 (M.D. Fla. Aug. 29, 2017). In fact, this Court has already done just that in this very case. *See* TRO Extension.

There is also "authority for the proposition that, under appropriate circumstances, a court may extend a TRO beyond 28 days." *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 2011 WL 4368418, at *1 (E.D. Wisc. Sept. 19, 2011). As "Wright and Miller note," the "language of the first federal statute authorizing TROs suggested that the purpose of a TRO was

to enjoin further activity by defendant until a hearing could be held on a preliminary injunction and that its duration was to be determined in light of that objective.... [I]f the moving party has exercised good faith in seeking the preliminary injunction hearing but has been unsuccessful ... and the danger of irreparable injury continues to exist, there is every reason for extending the temporary restraining order beyond [28 days] and the court should have discretion to do so."

*Id.* (quoting 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2953 (2d ed. 1995)).[1]

Here, good cause exists for an extension of the TRO. The earliest hearing date at which this Court could consider the Motion for PI is currently September 23. *See* Notice of Hearing (Doc. 35); *see also* the paperless minute entry proceedings for the Initial Case Management Conference (Doc. 34). That date falls after the presently scheduled expiration of the TRO on August 28, 2025. An extension of the TRO is also warranted so that Plaintiffs have ample time to serve Defendants notice of the September 23 hearing using the contact

---

[1] *See also Acushnet Co. v. 168GolfShop*, No. 16-61537-CIV-MARTINEZ-GOODMAN, 2016 WL 8677191, at *1 (S.D. Fla. Aug. 19, 2016) (finding good cause to extend a temporary restraining order because the motion for preliminary injunction was not yet resolved); *Trefelner ex rel. Trefelner v. Burrell Sch. Dist.,* 655 F. Supp. 2d 581, 598–99 (W.D. Pa. 2009) (granting two-and-a-half-month extension to permit discovery before preliminary injunction hearing); *Almetals, Inc. v. Wickeder Westfalenstahl, GMBH,* No. 08–10109, 2008 WL 624067, at *2–3, 5 (E.D. Mich. Mar. 6, 2008) (granting plaintiff's request to extend TRO until plaintiff could effect service under Hague Convention); *Women's Med. Prof'l Corp. v. Taft,* 199 F.R.D. 597, 598 (S.D. Ohio 2000) (granting extension to enable court to prepare preliminary injunction decision); *Assocs. Fin. Servc. Co., Inc. v. Mercantile Mortg. Co.,* 727 F.Supp. 371, 375 (N.D. Ill. 1989) (granting several month extension because 20 days was "a woefully inadequate time in which to prepare for, hear and decide a motion for preliminary injunction"); *U.S. v. City of Asbury Park,* 340 F. Supp. 555, 557 n. 3 (D.N.J. 1972) (granting extension until further notice because of complex evidentiary issues related to the preliminary injunction).

information received in discovery so that Defendants have time to file any opposition to the Motion for PI and Plaintiffs have time to file any reply to such opposition.

## IV.   CONCLUSION

For all these reasons, Plaintiffs respectfully request that the TRO be extended from August 28, 2025, to September 25, 2025—or until such time as a hearing can be held on Plaintiffs' Motion for PI and a ruling can be issued on it.

*     *     *

**Local Rule 3.01(g) Certification**

As of the filing of this Motion, no Defendant has appeared in this action. Thus, no conference was possible.  Still, Plaintiffs' counsel certifies that as of this 25th day of August, 2025, Plaintiffs are serving this Motion on Defendants—under the methods of service authorized in the Court's Alternate Service Order—in a good-faith effort to provide continued notice of Plaintiffs' Motions in this action and to provide the opportunity for Defendants to respond, oppose, or otherwise discuss this matter.

Dated: August 25, 2025                    Respectfully submitted,

                                          By:   */s/ Jason Hilborn*
Katie Kavanaugh                                 Jason Hilborn (FBN 1008829)
(*pro hac vice*)                                **BOIES SCHILLER FLEXNER LLP**
**BOIES SCHILLER FLEXNER LLP**                  401 East Las Olas Blvd.
2029 Century Park East, 1520                    Suite 1200
Los Angeles, CA 90067                           Fort Lauderdale, FL 33301
Telephone: (213) 629-9040                       Telephone: (954) 356-0011
kkavanaugh@bsfllp.com                           jhilborn@bsfllp.com

                                          *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on this 25th day of August, 2025, a true and correct copy of
the foregoing, including the declaration, was filed with the Court's CM/ECF
system.


                                          By:   */s/ Jason Hilborn*
                                                Jason Hilborn (FBN 1008829)
                                                **BOIES SCHILLER FLEXNER LLP**
                                                401 East Las Olas Blvd,
                                                Suite 1200
                                                Fort Lauderdale, FL 33301
                                                Telephone: (954) 356-0011
                                                jhilborn@bsfllp.com